UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM DWYER, Individually and on Behalf of All Others Similarly Situated<br><br>    Plaintiff,<br><br>v.<br><br>BEAVEX INCORPORATED and MARK TUCHMANN<br><br>    Defendants. | CIVIL ACTION NO. 1:13-cv-11995 |

## NOTICE OF REMOVAL

Defendants BeavEx Incorporated and Mark Tuchmann ("Defendants"), by their undersigned attorneys and authorized representatives and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, file this notice of removal from the Superior Court for the Commonwealth of Massachusetts, Suffolk County to the United States District Court for the District of Massachusetts on the following grounds:

### I.   INTRODUCTION

1.  On or about July 23, 2013, Plaintiff William Dwyer ("Plaintiff") filed a Class Action Complaint in the Superior Court for the Commonwealth of Massachusetts, Suffolk County styled: *William Dwyer, Individually and on Behalf of All Others Similarly Situated v. BeavEx Incorporated and Mark Tuchmann*, Civil Action No. 13-2652 ("Complaint"). Plaintiff seeks restitution for wages, overtime and other benefits, reimbursement for expenses incurred, as well as mandatory statutory trebling of all wage-related damages and attorneys' fees. Plaintiff also seeks injunctive relief.

## II. REMOVAL PROCEDURES AND VENUE

2. This Notice of Removal is timely filed. The Complaint was served on Defendants on July 31, 2013, and this Notice of Removal is filed within thirty (30) days of service. *See* 28 U.S.C. § 1446(b).

3. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the state court action are attached to this Removal, including: Summons and Complaint attached as Exhibit "1;" Notice of Filing of Notice of Removal attached as Exhibit "2;" Civil Cover Sheet attached as Exhibit "3;" and Category Sheet attached as Exhibit "4." Along with filing of this Notice of Removal, Defendants are filing a copy of the Notice of Removal with the Superior Court for the Commonwealth of Massachusetts, Suffolk County, pursuant to 28 U.S.C. § 1446(d).

4. Venue for this Removal is proper in the U.S. District Court for the District of Massachusetts, because this district and division includes Suffolk County, Massachusetts, the location of the pending state court action.

## III. BASIS FOR REMOVAL: DIVERSITY JURISDICTION

5. This Court has jurisdiction over this action under 28 U.S.C. § 1332, which provides in relevant part: "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states . . . ."

**A.   Complete Diversity Exists.**

6. There is complete diversity of citizenship between Plaintiff and Defendants.

7. Plaintiff William Dwyer is an individual residing at 166 Dwight Road, Springfield, Hampden County, Massachusetts.

8. Defendant BeavEx Incorporated is a Connecticut corporation with its principal place of business in Atlanta, Fulton County, Georgia.

9. Defendant Mark Tuchmann is an individual, residing in Connecticut.

**B.     The Amount in Controversy Exceeds $75,000.00.**

10. In the Complaint, Plaintiff seeks restitution for wages, overtime and other benefits on behalf of an unidentified class. Complaint ¶ 50. Plaintiff also seeks mandatory statutory trebling of all wage-related damages, attorneys' fees, and injunctive relief. Due to the size of the putative class Plaintiff purports to represent, the relief sought and potentially to be recovered, the attorneys fee likely to be generated in a class of this size, and the costs associated with the injunctive relief sought by Plaintiff on behalf of the class, there is more than a reasonably probability that the amount in controversy exceeds $75,000.00 per individual claimant and $5,000,000.00 for the putative class. As a result, the amount in controversy exceeds $75,000.00, and removal is proper.

11. If any question arises as to the propriety of the removal of this action, Defendants respectfully request the opportunity to present a brief and oral argument in support of their position that this case is removable.

12. In filing this Notice of Removal, Defendants do not waive, and specifically reserve, any and all objections as to service, personal jurisdiction, defenses, exception, rights, and motions.

## IV.     CONCLUSION

WHEREFORE, Defendants respectfully request the above-captioned action now pending in the Superior Court for the Commonwealth of Massachusetts, Suffolk County, be removed to the United States District Court for the District of Massachusetts, and that said United States

District Court assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Dated: August 19, 2013

Respectfully submitted,

**BEAVEX INCORPORATED and MARK TUCHMANN,**

By their attorneys,

/s/ Kevin M. Duddlesten
Kevin M. Duddlesten (BBO # 680624)
McGuireWoods LLP
816 Congress Avenue, Suite 940
Austin, Texas 78701-2442
(512) 617-4516
(512) 617-4586 (Fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of August, 2013, a true and correct copy of Notice of Removal was filed via the ECF system, and was forwarded to Plaintiff's counsel of record by depositing same in the United States Mail, first class postage prepaid, and addressed as follows:

David B. Summer
77 Franklin St., 3rd Fl.
Boston, MA 02110

/s/ Kevin M. Duddlesten
Kevin M. Duddlesten