# EXHIBIT 1

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 13 2652

William Dwyer, et al. , Plaintiff(s)

v.

Beavex Incorporated, et al. , Defendant(s)

## SUMMONS

To the above-named Defendant: [Beavex Incorporated]

You are hereby summoned and required to serve upon David B. Summer, Esq.

plaintiff's attorney, whose address is 77 Franklin St., 3rd Fl., Boston, MA , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the 23rd day of July , in the year of our Lord two thousand Thirteen .

*Michael Joseph Donovan*
Clerk/Magistrate

A true copy Attest
07/31/13
Deputy Sheriff Suffolk County

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT —(2) MOTOR VEHICLE TORT —(3) CONTRACT —(4) EQUITABLE RELIEF —(5) OTHER

FORM CIV.P. 1 3rd Rev. 20M-10/11

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 201___, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

_____
_____
_____

Dated:_____,201____.          _____

**N.B.  TO PROCESS SERVER:—**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN**
**THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

|  |
|---|
| ,201 . |

**Commonwealth of Massachusetts**
SUFFOLK, ss.
SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. _____

_____, Plff(s)

v.

_____, Deft(s)

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

15091051
1301051

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY OF SUFFOLK | DOCKET NO. 13-2652C |
|---|---|---|
| PLAINTIFF(S) William Dwyer, Individually and on Behalf of All Others Similarly Situated | | DEFENDANT(S) Beavex Incorporated and Mark Tuchmann |

Type Plaintiff's Attorney name, Address, City/State/Zip Phone Number and BBO#

Type Defendant's Attorney Name, Address, City/State/Zip Phone Number (If Known)

David B. Summer (BBO #634514)
77 Franklin Street, 3rd Floor
Boston, MA 02110
(617) 542-5000

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.   TYPE OF ACTION (specify)   TRACK         IS THIS A JURY CASE?

A99 Other (specify) - Fast Track                    ● ] Yes  ○ ] No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. ~~Documented medical expenses to date:~~
  1. ~~Total hospital expenses~~
  2. ~~Total doctor expenses~~
  3. ~~Total chiropractic expenses~~
  4. ~~Total physical therapy expenses~~
  5. ~~Total other expenses (describe)~~
                                                        Subtotal $
B. ~~Documented lost wages and compensation to date~~            $
C. ~~Documented property damages to date~~                       $
D. ~~Reasonably anticipated future medical expenses~~            $
E. ~~Reasonably anticipated lost wages and compensation to date~~ $
F. ~~Other documented items of damages (describe)~~
                                                                 $
G. ~~Brief description of plaintiff's injury, including nature and extent of injury (describe)~~

                                                          ~~Total $~~

### CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

| Wage & Hour | $25,001 - $74,999 |
|---|---|
| | TOTAL $............... |

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____     Date: July 23, 2013
A.O.S.C. 3-2007

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.   SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. 13-2652

WILLIAM DWYER, Individually and )
on Behalf of All Others Similarly Situated )
)
Plaintiff, )
)
v. ) <u>JURY DEMANDED</u>
)
BEAVEX INCORPORATED and )
MARK TUCHMANN )
)
Defendants. )

## CLASS ACTION COMPLAINT
## COMPENSATORY AND DECLARATORY RELIEF REQUESTED

### INTRODUCTION

1. The Plaintiff, William Dwyer, a delivery driver for Defendant BeavEx Incorporated, brings this action individually and on behalf of all other delivery drivers who have been unlawfully misclassified as independent contractors (the "Class") by the Defendants in violation of G.L. c. 149 , § 148B. As a result of the Defendants unlawful conduct, the Plaintiff, individually and on behalf of all others similarly situated, alleges: (1) that he has been forced to bear certain costs incident to the Defendants' business operations that should have been borne by the Defendants; (2) has had unlawful deductions taken from his wages; (3) has not been paid for all hours worked; and (4) has worked in excess of 40 hours in individual workweeks without receiving overtime compensation as required by the Massachusetts Overtime law, G.L. c. 151, § 1 *et seq.*

2. The Defendants' failures to treat the Plaintiff and all others similarly situated as employees is part of a scheme to avoid the requirements of the Massachusetts

Page 1

Wage Act, G.L. c. 149 § 148 *et seq.* and thereby eschew the duties employers in the Commonwealth of Massachusetts owe to their employees as a matter of law.

## PARTIES AND JURISDICTION

3. The Plaintiff, William Dwyer ("Mr. Dwyer" or "Plaintiff"), is a natural person residing at 166 Dwight Road, Springfield, Hampden County, Massachusetts and at all times relevant hereto was an employee of the Defendants who was misclassified as an independent contractor.

4. Defendant Beavex Incorporated ("Beavex" or the "Corporate Defendant") is a Connecticut corporation headquartered at 3715 Northside Parkway, North Creek Building 200, Suite 300, Atlanta, Georgia 30327. BeavEx is a delivery/courier company that has a usual place of business at 21 Drydock Avenue, Boston, Suffolk County, Massachusetts.

5. On information and belief, the Defendant, Mark Tuchmann ("Tuchmann") is a natural person and resident of the State of Connecticut. Tuchmann is the President of BeavEx and has managerial control over the operations of BeavEx.

6. The Court has personal jurisdiction over Plaintiff and the Class he seeks to represent, which is comprised of residents of the Commonwealth of Massachusetts and/or individuals who work within the Commonwealth of Massachusetts.

7. The Court has personal jurisdiction over Defendants BeavEx and Tuchmann (collectively the "Defendants") because the Defendants do business and maintain offices in the Commonwealth of Massachusetts. The conduct of the Defendants' business in the Commonwealth of Massachusetts underlies all claims in this suit.

8. Plaintiff and Class Members claim individual damages not to exceed $75,000 per person and $5 million total for the Class.

## BACKGROUND FACTS

9. BeavEx's primary business activity is providing same-day transportation services to its corporate clients in various states across the United States, including the Commonwealth of Massachusetts.

10. BeavEx's services include door-to-door, door-to-airport, next-flight-out, scheduled pick-up and delivery, forward-stocking, on demand expedited delivery, reverse logistics, store-to-store, dealer-to-dealer, and overnight replenishment services. All of these services can generally be described as delivery services.

11. In order to facilitate and enable its delivery services and meet its business needs, BeavEx operates delivery terminals in Boston, Springfield, and Taunton, Massachusetts.

12. In order to facilitate and enable its delivery services and meet its business needs, BeavEx employs numerous delivery drivers throughout the Commonwealth of Massachusetts.

13. Plaintiff is one of the delivery drivers employed by BeavEx in the Commonwealth of Massachusetts.

14. Plaintiff was hired in 2008 by the Defendants to work as a BeavEx delivery driver.

15. As of the date of this Complaint, Plaintiff continues to work for BeavEx as a delivery driver.

16. Throughout the course of his employment, and as more particularly set forth below, Plaintiff has been forced to bear the cost of operating expenses that should have been paid by BeavEx as his employer.

17. Throughout the course of his employment, and as more particularly set forth below, Plaintiff has been denied wages that were due and payable to him by BeavEx.

18. Throughout the course of his employment, and as more particularly set forth below, Plaintiff has been denied overtime compensation that was due and payable to him by BeavEx.

## BEAVEX RETAINS ALMOST COMPLETE BEHAVIORAL AND FINANCIAL CONTROL OVER ITS DELIVERY DRIVERS

19. In order to facilitate and enable its delivery services and meet its business needs, BeavEx imposes a host of rules and policies on its delivery drivers, including Plaintiff. These rules and policies govern virtually every aspect of the relationship between BeavEx and its delivery drivers and BeavEx's delivery drivers are not free to negotiate or bargain over the terms of the rules and policies BeavEx imposes.

20. BeavEx reserves the right to, and in fact routinely does, change or amend the rules and policies governing the relationship between BeavEx and its delivery drivers, including Plaintiff. For example, BeavEx has unilaterally, on a number of occasions, changed the rate at which it pays its delivery drivers for their work.

21. As part of the rules and polices BeavEx imposes on its delivery drivers, BeavEx imposes penalties for a host of conduct prohibited of its drivers. Such penalties include, but are not limited to:

   i. Penalties for failure to wear a BeavEx uniform or badge while performing delivery services on behalf of BeavEx;
   ii. Penalties for failure to mark the delivery driver's vehicle with BeavEx signage;
   iii. Penalties for failure to include BeavEx's manifests with delivered packages;
   iv. Penalties for, immediately prior to delivering a package, failing to scan the package with a BeavEx-branded handheld device that runs a proprietary BeavEx-branded software.

22. BeavEx's control over its delivery drivers' activities is not limited to the foregoing. Indeed, BeavEx's behavioral and financial control over the Plaintiff and other delivery drivers demonstrates that, at all times relevant hereto, Plaintiff and other delivery drivers were employees of BeavEx and were not

independent contractors. Such control includes, but is not limited to, the following:

  i. BeavEx controls how Plaintiff and the Class Members are paid, linking their pay to the number of delivery routes they are told to drive and mandating that Plaintiff and other BeavEx delivery drivers regularly complete fuel and mileage reports;
  ii. BeavEx compensates Plaintiff and the Class Members in regular, weekly "pay periods";
  iii. Plaintiff and the Class Members are required to wear BeavEx uniforms at all times and to post BeavEx signage on or in their vehicles;
  iv. Plaintiff and the Class Members have no authority to refuse pick-ups or deliveries from BeavEx customers on the assigned delivery route(s);
  v. Plaintiff and the Class Members must arrive at BeavEx's delivery terminals at precise times to collect their delivery packages;
  vi. Plaintiff and the Class Members are not permitted to make deliveries or pick-ups according to their own schedules;
  vii. Plaintiff and the Class Members are not permitted to vary the schedules for deliveries and pick-ups set by BeavEx;
  viii. BeavEx employs dispatchers to coordinate and issue the paperwork, delivery and pick-up schedules for Plaintiff and the Class Members;
  ix. Plaintiff and the Class Members are required to adhere to these schedules, which are transmitted to Plaintiff and the Class Members through BeavEx-branded handhelds that run a proprietary BeavEx-branded software (the "BeavEx Handheld";
  x. The BeavEx Handheld is the property of BeavEx and Plaintiff and the Class Members are responsible for safeguarding same;
  xi. Plaintiff and the Class Members cannot perform deliveries without using the BeavEx Handheld. It is the medium by which BeavEx transmits route assignments to its delivery drivers and the means by which the delivery drivers report back to BeavEx regarding their deliveries made;
  xii. Plaintiff and the Class Members must provide daily reports of deliveries made;
  xiii. Plaintiff and the Class must check in with the BeavEx dispatcher before and after every run and must report electronically, through the BeavEx Handheld, throughout the day;
  xiv. BeavEx's dispatcher acts as the supervisor for Plaintiff and the Class Members;

Page 5

xv. BeavEx, not Plaintiff or the Class Members, conducts all of the billing and invoicing for the work done by Plaintiff and the Class Members. BeavEx bills its customers directly, and Plaintiff and the Class Members have no control over whom to deliver packages to, what prices to charge, or how to sell the delivery services they provide. All negotiations with customers over the cost of the delivery services are done directly by BeavEx and its customers;

xvi. All delivery drivers for BeavEx must complete a qualification process with BeavEx, which includes a detailed background check and drug screen. BeavEx requires that all persons in contact with any of its customers, including any replacement driver, must go through the same qualification process;

xvii. BeavEx requires Plaintiff and the Class Members, at their sole cost and expense, to maintain their vehicles in accordance with BeavEx's standards and to submit to BeavEx proof of timely maintenance and inspection of such vehicles;

xviii. BeavEx makes unannounced "audits" and inspections upon Plaintiff and the Class· to ensure constant and uniform compliance with its policies, directions, rules and procedures. Failure to comply with an audit or inspection can result in termination; and

xix. BeavEx reserves the right to terminate Plaintiff or any of the Class Members for failing to comply with any of BeavEx's rules or policies.

23. In sum, BeavEx retains almost exclusive control over the means, methods and operation of Plaintiff's and the Class Members' daily work, including the right to assign them deliveries to be made, the right to set prices with customers, the right to create and terminate new customer relationships and the right to fire individual delivery drivers. BeavEx reserves the right to set the standards by which Plaintiff and the Class Members are required to conduct themselves while at work or else risk the termination of their employment.

24. Given such a high degree of control over the Plaintiff and the Class Members' work, Plaintiff and other BeavEx delivery drivers are, as a matter of law, employees of BeavEx.

25. By retaining such behavioral and financial control over the Plaintiff and other BeavEx delivery drivers, BeavEx has misrepresented to the drivers that they are independent contractors and that they have the ability to independently manage and grow their business, when, in fact, the Plaintiff and other BeavEx

Page 6

delivery drivers are employees of BeavEx and are therefore entitled to a variety of legal benefits that inure from the employer/employee relationship.

## BEAVEX ATTEMPTS TO DISGUISE ITS EMPLOYMENT RELATIONSHIP WITH ITS DELIVERY DRIVERS BY OUTSOURCING THE RESPONSIBILITY FOR PAYING THEIR WAGES TO A THIRD-PARTY FIRM

26. Despite controlling virtually all the means and methods of the work done by the Plaintiff and the Class Members and forcing Plaintiff and the Class Members to hold themselves out as BeavEx employees, BeavEx has concocted a scheme to avoid the requirements of Massachusetts law by outsourcing the responsibility for paying the wages of Plaintiff the Class Members to a third party "consulting firm" known as Contractor Management Services ("CMS").

27. CMS's website homepage (http://www.ictherightway.com) features a picture of a driver/courier and states that it is "the leading full-service firm for companies utilizing Independent Contractors," and that it "specializes in the transportation industry, providing compliance, settlement processing and benefit solutions that deliver measurable advantages to both company owners and Independent Contractors."

28. CMS's website, under the page marked "Client Services," states:

> *CMS is the leading full-service firm for companies utilizing Independent Contractors. CMS specializes in the transportation industry providing compliance, settlement processing and benefit solutions that deliver measurable advantages to both company owners and Independent Contractors. We have developed several programs to help reduce the administrative costs and risks associated with the use of Independent Contractors while working with our clients on multiple levels to help document the core of their business interactions with ICs. Once a client has initiated the CMS program, we continually provide advice and recommendations on issues relevant to the industry and assist with responses when the Independent Contractor model is challenged by a State or Federal Agency.*

29. On information and belief, CMS was incorporated and designed for the purpose of assisting delivery/courier companies such as BeavEx to misclassify their delivery drivers as independent contractors in order to decrease their operating costs and deprive their workers of the rights and benefits of

Page 7

employees, as well as to defraud federal and state governments of large amounts in unpaid taxes that companies following the law are required, and do, pay.

30. Plaintiff and the Class Members are paid their wages by CMS on behalf of BeavEx. When CMS, per the instruction and order of BeavEx, pays wages to Plaintiff and the Class Members, it does not make payroll withholdings as required or permitted by applicable law or otherwise pay Plaintiff and the Class Members as employees.

31. The arrangement between BeavEx and CMS purports to create the legal fiction that Plaintiff and the Class Members are not wage-earning employees of BeavEx.

32. The arrangement by which CMS pays the wages of Plaintiff and the Class Members is a condition of employment imposed on BeavEx's delivery drivers by BeavEx and is not negotiable.

33. The arrangement by which CMS pays the wages of Plaintiff and the Class Members while BeavEx disclaims all responsibility for its delivery driver employees is a deliberate scheme to flaunt Massachusetts law governing the misclassification of employees as independent contractors.

34. Plaintiff and the Class Members have virtually no authority or bargaining power to negotiate the terms of their employment, including how they are paid, how much they are paid or by whom they are paid.

## BEAVEX HAS CAUSED AND IS RESPONSIBLE FOR DAMAGES TO THE CLASS MEMBERS

35. Even though the relationship between BeavEx and its delivery drivers is that of an employer/employee, BeavEx has forced Plaintiff and the Class Members to bear the cost of operating expenses that should have been paid by BeavEx as their employer. Such costs include, but are not limited to costs related to the lease and purchase of vehicles to perform deliveries for BeavEx and expenses for the maintenance and repair of such vehicles and other costs normally associated with the operation of a business.

36. With the exception of conditional reimbursement for gasoline, BeavEx does not reimburse Plaintiff and the Class Members for any of their out-of-pocket operating expenses related to their employment with BeavEx.

37. BeavEx has also made unlawful deductions for charges and fees from the wages of Plaintiff and the Class Members, including, but not limited to, the following:

    i. HNO fees (for insurance which BeavEx requires Plaintiff and the Class Members to pay for);
    ii. Fees to CMS for the processing of Plaintiff's and the Class Members' wages;
    iii. Fees for wireless/cellular data usage on the BeavEx Handheld; and
    iv. "Cargo fees."

38. These deductions by BeavEx (or by CMS at the direction of BeavEx) from the wages of Plaintiff and the Class Members are not made for the benefit of Plaintiff and the Class Members but, rather, are done for the benefit of BeavEx.

39. Although Plaintiff and the Class Members are frequently required, permitted or encouraged to work more than forty (40) hours in individual workweeks, they are never paid an overtime premium (one and one-half times their regular rate of pay) for hours worked in excess of forty (40) in individual workweeks as required by applicable Massachusetts law.

40. As a result of BeavEx's actions as set forth above, Plaintiff and the Class Members have lost substantial income and employment opportunities, been denied due wages and overtime, had deductions made from their wages which are unlawful, and were forced to pay costs, expenses and payroll taxes which are the legal responsibility of BeavEx. Further, Plaintiff and the Class Members have suffered loss of compensation and income, have been deprived of the right or opportunity to collect unemployment insurance after losing their jobs, and have been denied coverage by workers' compensation insurance when injured on the job.

41. BeavEx's failures and/or refusals to pay to Plaintiff and the Class Members all due and payable wages, overtime, reimbursement of out-of-pocket operating expenses and denials of other benefits guaranteed by law to employees have been repeated, knowing and willful.

42. Under Massachusetts law, Defendant Tuchmann may be held individually liable for BeavEx's failures to pay its delivery drivers in accordance with applicable law.

43. The named Plaintiff, Mr. Dwyer, has fulfilled all procedural prerequisites to filing this lawsuit.

## MASSACHUSETTS CLAIM ALLEGATIONS

44. The Massachusetts Class Members were paid in the same manner and under the same standard employment procedures and practices as Plaintiff.

45. Plaintiff and the Massachusetts Class Members were all subject to Defendant's common policies and practices of misclassifying them as independent contractors.

46. During the Rule 23 Class Period, Defendant was aware or should have been aware that Plaintiff and the Massachusetts Class Members were not independent contractors under Massachusetts law.

47. Defendant violated Massachusetts law by not classifying Plaintiff and the Massachusetts Class Members as employees.

48. Plaintiff and the Massachusetts Class Members have been damaged by said violations of Massachusetts law.

49. Pursuant to Massachusetts law, Defendant is liable to Plaintiff and the Massachusetts Class Members for three times their damages, plus their reasonable attorneys' fees and costs.

## MASSACHUSETTS CLASS ACTION ALLEGATIONS

50. Plaintiff is currently unaware of the identities of all the members of the Massachusetts Class.

51. On information and belief, numerous delivery drivers drove for BeavEx and were misclassified by BeavEx as independent contractors during the Rule 23 Class Period and would therefore be members of the Massachusetts Class. For

this reason, joinder of all members of the Massachusetts Class would be impracticable.

52. There are numerous questions of law and fact, such as whether the delivery drivers are free from BeavEx's direction and control, whether the services performed by the delivery drivers are outside of BeavEx's usual course of business, and whether the delivery drivers are customarily engaged in an independently established trade, occupation, profession, or business of the same nature as that involved in the service performed for BeavEx.

53. The claims of Plaintiff are typical of the claims of the Massachusetts Class because each such Class Member was unlawfully classified as an Independent Contractor by BeavEx.

54. BeavEx's presumed defenses to Plaintiff's claims and the Massachusetts Class Members' claims will be the same for each individual and will not turn on any individual differences in such person's job duties or titles.

55. The prosecution of separate actions against Defendant under Massachusetts law would create a risk of inconsistent or varying adjudications with respect to Plaintiff and the individual members of the Massachusetts Class that would establish incompatible standards of conduct for Defendant. In addition, adjudications with respect to individual members of the class could as a practical matter be dispositive of the interests of the other members of the Massachusetts Class not parties to such adjudications, or could substantially impede or impair their ability to protect their interests.

56. Questions of law or fact common to the Massachusetts Class Members predominate over any question affecting only individual members of that Class. A class action, therefore, is superior to other available methods for the fair and efficient adjudication of the controversy. All of the facts material to resolving the common legal questions are common to the Massachusetts Class Members. Facts that may not be common to this Class are immaterial to resolving the common legal question of whether Defendant misclassified owner/operators as independent contractors to the Massachusetts Class was correct. Common issues predominate over any individual questions. There will be no difficulty in managing the case as a class action.

## CAUSES OF ACTION
(Each Cause Of Action Incorporates Therein
All Of The Paragraphs Set Forth, Hereinabove).

## COUNT I – G.L. c. 231A
## DECLARATORY JUDGMENT

57. This is a cause of action for a declaratory judgment under G.L. c. 231A.

58. Under the applicable laws of the Commonwealth of Massachusetts, the Defendants have misclassified Plaintiff and the Class Members as independent contractors rather than treating them as employees and therefore, pursuant to G.L. c. 231A, this Court should issue a declaratory judgment establishing that Plaintiff and the Class Members are or were employees of the Defendants and were therefore entitled to all the rights and benefits of employees which are conferred by Massachusetts law.

## COUNT II – G.L. c. 149 § 148B
## VIOLATION OF THE MASSACHUSETTS INDEPENDENT CONTRACTOR STATUTE

59. This is a cause of action for the Defendants' violations of the Massachusetts Independent Contractor Statute, G.L. c. 149 § 148B.

60. As more particularly set forth above, the Defendants acted unlawfully by misclassifying Plaintiff and the Class Members as independent contractors even though, as a matter of law, Plaintiff and the Class Members were the Defendants' employees.

61. As a result of the Defendants' violations of G.L. c. 149 § 148B, Plaintiff and the Class Members have suffered damages.

## COUNT III - G.L. c. 149, §§ 148 – 150
## VIOLATION OF THE MASSACHUSETTS WAGE ACT

62. This is a cause of action for the Defendants' violations of the Massachusetts Wage Act.

63. As more particularly set forth above, the Defendants have failed to timely pay Plaintiff and the Class Members all wages that are due and payable by forcing

Plaintiff and the Class Members to bear costs incident to BeavEx's business operations and by making unlawful deductions from their wages.

64. As the employers of Plaintiff and the Class Members, the Defendants were legally obligated to timely pay due wages as a matter of law.

65. The Defendants' failures to timely pay Plaintiff and the Class Members due wages were repeated, knowing and willful.

66. As a result of the Defendants' violations of G.L. c. 149 §§ 148-150, Plaintiff and the Class Members have suffered damages.

## COUNT IV – G.L. c. 151 §§ 1 and 1A
## FAILURE TO PAY OVERTIME WAGES

67. This is a cause of action for the Defendants' violation of the Massachusetts Overtime statute.

68. As more particularly set forth above, the Defendants violated Plaintiff and the Class Members' rights to be paid overtime wages for all work performed in excess of forty (40) hours per workweek.

69. The Defendants are legally obligated, as a matter of law pursuant to G.L. c. 151 §§ 1 and 1A, to pay overtime wages to their employees for all hours in excess of forty (40) worked in individual workweeks.

70. The Defendants' failures to pay overtime wages have been repeated, knowing and willful.

71. As a result of the Defendants' violations of G.L. c. 151 §§ 1 and 1A, Plaintiff and the Class Members have suffered damages.

## COUNT V – *QUANTUM MERUIT*

72. This is a cause of action for *quantum meruit*.

73. As more particularly set forth above, the Defendants have deprived Plaintiff and the Class Members of sums that are the rightful property of Plaintiff and the Class Members.

74. By depriving Plaintiff and the Class Member of such sums, the Defendants have been unjustly enriched and are therefore liable in *quantum meruit* pursuant to the common law of the Commonwealth of Massachusetts.

75. As a result of the Defendants' unjust enrichment, Plaintiff and the Class Members have suffered damages.

## COUNT VI – CONVERSION

76. This is a cause of action for conversion.

77. As more particularly set forth above, the Defendants have made unlawful deductions from the wages of Plaintiff and the Class Members and have forced Plaintiff and the Class Members to bear costs incident to the business operations of the Defendants.

78. By engaging in such conduct, the Defendants have thereby unlawfully converted the property of Plaintiff and the Class Members to the Defendants' own use in violation of the common law of the Commonwealth of Massachusetts.

79. As a result of the conversion of Plaintiff and the Class Members' property by the Defendants, Plaintiff and the Class Members have suffered damages.

WHEREFORE, the Plaintiff, individually and on behalf of the Class Members, prays that this Honorable Court grant the following relief:

I. Certification of this case as a class action pursuant to G.L. c. 149 § 150;

II. A declaratory judgment that Plaintiff and the Class Members are employees of the Defendants and are not independent contractors;

III. Judgment against the Defendants on all statutory claims asserted herein;

IV. An award of damages for all statutory claims asserted herein, including compensatory, punitive, liquidated, and/or trebled damages, as authorized or mandated by applicable law, in an amount to be determined at trial;

V. Judgment against the Defendants on all common law claims asserted herein;

VI. An award of damages for all common law claims asserted herein, including compensatory, punitive, liquidated, and/or trebled damages, as authorized or mandated by applicable law, in an amount to be determined at trial;

VII. Costs and reasonable attorney's fees;

VIII. Pre-judgment and post-judgment interest;

IX. Such other relief as this Honorable Court may deem just and appropriate under the circumstances.

## JURY DEMAND

The Plaintiff, individually and on behalf of the Class Members, hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: July 23, 2013

The Plaintiff,
William Dwyer, *et al.*,
By their Attorneys,

_____
David B. Summer (BBO #634514)
Alan D. Meyerson (BBO #682515)
Corey R. Cutler (BBO #544202)
77 Franklin Street, 3rd Floor
Boston, MA 02110
(617) 542-5000
admin@cutler-law.com