UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM DWYER, Individually and on Behalf of All Others Similarly Situated<br><br>    Plaintiff,<br><br>v.<br><br>BEAVEX INCORPORATED and MARK TUCHMANN<br><br>    Defendants. | CIVIL ACTION NO. 1:13-cv-11995 |

# DEFENDANTS' ANSWER TO
# PLAINTIFF'S CLASS ACTION COMPLAINT

## INTRODUCTION

1.    Defendants admit that this action essentially seeks to challenge the classification of courier drivers as independent contractors under M.G.L. ch. 149, § 148B and that it has been filed by Plaintiff both individually and ostensibly as a class action. The remaining allegations contained in Paragraph 1 are denied.

2.    Denied.

## PARTIES AND JURISDICTION

3.    Defendants are without sufficient information to form a belief as to the truth of the allegation contained in Paragraph 3 regarding Plaintiff's residence and, therefore, this allegation can be neither admitted nor denied. Defendants deny that Plaintiff was an employee of Defendants. Defendants admit that Plaintiff executed an agreement with Defendant BeavEx Incorporated ("BeavEx") to provide courier driver services as an independent contractor, and, since that time, Plaintiff has provided courier services as an independent contractor primarily in Massachusetts. Any remaining allegations contained in Paragraph 2 of the Complaint are denied.

4. Defendants admit the allegations in the first sentence of Paragraph 4. With regard to the second sentence of Paragraph 4, Defendants admit that BeavEx is a delivery/courier company but deny that the Drydock location is a place of business for the named defendant BeavEx Incorporated.

5. Admitted.

6. Defendants admit that the Court has personal jurisdiction over Plaintiff and putative Class members as the Class is defined in the Complaint. The allegation regarding the scope of the Class that Plaintiff purports to represent appears to set forth a legal conclusion or position, which requires no answer from Defendants. Defendants deny any the remaining allegations set forth in Paragraph 6.

7. Defendants admit that the Court has personal jurisdiction over Defendant BeavEx but deny all remaining allegations set forth in Paragraph 7.

8. Paragraph 8 appears to set forth a legal conclusion or position which requires no answer from Defendants. However, Defendants deny that Plaintiff is even authorized, prior to any Class being certified, to legally bind putative Class members with regard to Class damages claims. Any remaining allegations set forth in Paragraph 8 are denied.

## **BACKGROUND FACTS**

9. Admitted.

10. Admitted.

11. Defendants admit that BeavEx Incorporated operates delivery terminals in Springfield and Taunton, but deny that the delivery terminal in Boston is operated by the named defendant BeavEx Incorporated.

12. Denied.

13. Denied.

14. Denied.

15. Defendants admit that, as of the filing of the Complaint, Plaintiff provided delivery services for BeavEx clients and customers as an independent contractor engaged by BeavEx. Defendants deny all remaining allegations set forth in Paragraph 15.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Defendants admit that certain requirements are included in the contract between BeavEx and contractor couriers as a result of particular requirements and business demands imposed on BeavEx by customers and clients. Those customer-requirements—which vary from customer to customer—include the scanning of cargo and display of identifying credentials (e.g., an identification badge or logoed apparel). Defendants further admit that non-compliance with those contractual obligations can result in infractions (ranging from minor to material) by the contractor courier drivers. Defendants deny all remaining allegations set forth in Paragraph 21.

22. Defendants admit that the contract in place between BeavEx and the contractor courier drivers does contain provision for addressing breaches, including BeavEx's ability to terminate the contract for major, material violations. Defendants admit that some, but not all, of the requirements described generally in Paragraph 22 are included in the contract between BeavEx and the contractor courier drivers, but deny the specific allegations to the extent that they imply that the customer-imposed requirements are applicable to every driver in every

3

situation, as there are variations depending on customer-specific requirements. Defendants deny all remaining allegations set forth in Paragraph 22.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Defendants admit that the quoted language in Paragraph 27 appears on the noted website as of the filing of this Answer but deny all remaining allegations set forth in Paragraph 27.

28. Admitted, as of the filing of this Answer.

29. The allegations contained in Paragraph 29 are largely statements of opinion and legal conclusions, which require no response from Defendants. In addition, Defendants are without sufficient information to form a belief as to the truth of the allegation contained in Paragraph 29 regarding the "purpose" for the formation and design of CMS, and therefore the allegation can neither be admitted nor denied. However, to the extent a response is required, Defendants deny the allegations.

30. Defendants admit that, for those contractor courier drivers who elect to enroll with CMS, settlement payments in accordance with the contract provision are paid by CMS on BeavEx's behalf. Defendants specifically deny that the settlement payments are "wages" or "payroll" requiring any of the alleged withholdings described in Paragraph 30. Defendants deny all remaining allegations set forth in Paragraph 30.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Defendants deny that Plaintiff and putative Class members are or were employees of BeavEx and, consequently, reimbursement for out-of-pocket expenses incurred by the business/owner-operators with whom BeavEx contracts is not required. Defendants deny all remaining allegations set forth in Paragraph 36.

37. Defendants admit that certain deductions are made from the settlement checks paid to contractor courier drivers in accordance with the governing contract between BeavEx and the businesses/owner-operators with whom BeavEx contracts, but denies that any such deductions are "unlawful." Defendants deny all remaining allegations set forth in Paragraph 37.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Defendants are unaware of any such "procedural prerequisites" applicable to the instant action and therefore the allegations of Paragraph 43 can neither be admitted nor denied. However, to the extent a response is required, Defendants deny the allegations.

44. Defendants admit that all contractor courier drivers and vendors are or have been generally compensated in similar same fashion, in accordance with the governing contract between BeavEx and the independent contractors. Defendants deny the existence of any

"employment procedures and practices" applicable to independent contractors. Defendants deny all remaining allegations set forth in Paragraph 44.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Defendants are without sufficient information to form a belief as to the truth of the allegation contained in Paragraph 50 and therefore the allegation can neither be admitted nor denied. However, to the extent a response is required, Defendants deny the allegations.

51. Denied.

52. The allegations contained in Paragraph 52 are statements of opinion and legal conclusions, which require no response from Defendants. However, to the extent a response is required, Defendants deny the allegations.

53. The allegations contained in Paragraph 53 are statements of opinion and legal conclusions, which require no response from Defendants. However, to the extent a response is required, Defendants deny the allegations.

54. Denied.

55. The allegations contained in Paragraph 55 are statements of opinion and legal conclusions, which require no response from Defendants. However, to the extent a response is required, Defendants deny the allegations.

56. Denied.

## COUNT 1

57. The allegations contained in Paragraph 57 are statements of opinion and legal conclusions, which require no response from Defendants. However, to the extent a response is required, Defendants deny the allegations.

58. Denied.

## COUNT II

59. The allegations contained in Paragraph 59 are statements of opinion and legal conclusions, which require no response from Defendants. However, to the extent a response is required, Defendants deny the allegations.

60. Denied.

61. Denied.

## COUNT III

62. The allegations contained in Paragraph 62 are statements of opinion and legal conclusions, which require no response from Defendants. However, to the extent a response is required, Defendants deny the allegations.

63. Denied.

64. Denied.

65. Denied.

66. Denied

## COUNT IV

67. The allegations contained in Paragraph 67 are statements of opinion and legal conclusions, which require no response from Defendants. However, to the extent a response is required, Defendants deny the allegations.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

## COUNT V

72. The allegations contained in Paragraph 72 are statements of opinion and legal conclusions, which require no response from Defendants. However, to the extent a response is required, Defendants deny the allegations.

73. Denied.

74. Denied.

75. Denied.

## COUNT VI

76. The allegations contained in Paragraph 76 are statements of opinion and legal conclusions, which require no response from Defendants. However, to the extent a response is required, Defendants deny the allegations.

77. Denied.

78. Denied.

79. Denied.

## PRAYER FOR RELIEF

In response to the section of the Complaint immediately following Paragraph 79, and as to each of its numbered subparts, Defendant denies that Plaintiff is entitled to any of the relief sought therein.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred to the extent that the Plaintiff and all putative class action members were paid all sums of money to which they were lawfully entitled.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation and/or common law doctrines of laches.

### FOURTH DEFENSE

Plaintiff's claims are barred because Plaintiff, and all putative class members, were properly classified as independent contractors.

### FIFTH DEFENSE

Plaintiff lacks standing to bring some or all of the claims alleged in the Complaint.

### SIXTH DEFENSE

Some or all of Plaintiff's claims are barred by the doctrines of estoppel and/or waiver.

### SEVENTH DEFENSE

Plaintiff's claims are barred to the extent Plaintiff and all putative class action members are exempt from the overtime pay provisions of the Massachusetts Wage Law.

### EIGHTH DEFENSE

Any act or omission of Defendant complained of by Plaintiff was in good faith in conformity with and reliance on applicable administrative regulations, orders, rulings, approvals, and interpretations of the Massachusetts Attorney General's Fair Labor and Business Practices

Division, and in conformity with administrative practices and enforcement policies of the Massachusetts Attorney General's Fair Labor and Business Practices Division with respect to Plaintiff and other putative members of the collective action and/or class actions .

## NINTH DEFENSE

Plaintiff and/or putative members of the class action, by their actions and/or omissions, have waived and/or are otherwise estopped from asserting the claims against Defendants because, among other reasons, they were paid for all hours worked, the individuals did not request payment for unpaid wages, if any, until this lawsuit, and the individuals further ratified and/or failed to mitigate any damages associated with the nonpayment of wages, by confirming the accuracy of their paychecks each pay period.

## TENTH DEFENSE

Any violation by Defendants of any provision(s) of the Massachusetts Wage Law was *de minimus* and does not entitle Plaintiff to the relief sought in the Complaint.

## ELEVENTH DEFENSE

Some or all of Plaintiff's claims are barred to the extent that Plaintiff failed to satisfy a condition precedent to the filing of the Complaint.

## TWELFTH DEFENSE

Plaintiff's state law claims are preempted by federal law.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred to the extent any particular employee petitioned for bankruptcy under either Chapter 7 or Chapter 13 of the United States bankruptcy code, yet failed to disclose potential claims against Defendants as required under applicable bankruptcy laws.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred to the extent the relief sought is inappropriate, equitable relief.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, based on the exclusions, limitations, or other terms of an applicable ERISA plan.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to satisfy conditions precedent to any obligation under an applicable ERISA plan.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to follow the claims procedures of an applicable ERISA plan.

## EIGHTEENTH DEFENSE

Plaintiff may be judicially estopped from pursuing his claims.

## NINETEENTH DEFENSE

Plaintiffs are not similarly situated to the proposed class members, or to any other person or persons for the purposes of the Massachusetts Wage Law.

## TWENTIETH DEFENSE

All or part of the time for which Plaintiff or any proposed class members seek compensation does not constitute compensable time for purposes of the Massachusetts Wage Law.

### TWENTY-FIRST DEFENSE

Defendants did not willfully deprive any person of any wages to which they may have been entitled.

### TWENTY-SECOND DEFENSE

All or part of Plaintiff's claims are barred by the *de minimis* doctrine.

### TWENTY-THIRD DEFENSE

To the extent that discovery reveals that Plaintiff falsely reported his hours, and there is no evidence that Defendants required the false reporting of hours and no evidence that Defendants knew or should have known that Plaintiff was providing false information as to his hours, or to the extent discovery reveals that Plaintiff otherwise failed to follow Defendants' policy for reporting his hours, the doctrine of estoppel bars the claims asserted by Plaintiff. This defense may also apply to the purported claims of some or all of the potential members of the putative class that Plaintiff purports to represent.

### TWENTY-FOURTH DEFENSE

Some or all of the purported claims in the Complaint or the recovery of certain damages are barred by the defenses of settlement, waiver and/or release.

Defendants reserve the right to assert additional affirmative or other defenses in the event their investigation or discovery indicates that additional affirmative or other defenses are appropriate.

WHEREFORE, Defendants respectfully request that judgment be entered in their favor and against Plaintiff, that Plaintiff's Complaint be dismissed with prejudice in its entirety, and that Defendants be awarded the costs incurred in defending this action, and such other and further relief as this Court deems proper.

# COUNTERCLAIM

Defendant/Counterclaim-Plaintiff BeavEx Incorporated ("BeavEx"), with its principal place of business located at 3715 Northside Parkway, Atlanta, Georgia 30327, pursuant to Fed. R. Civ. P. 13, for its Counterclaim against Plaintiffs/Counterclaim-Defendants ("Counterclaim-Defendants") states and alleges as follows:

## PARTIES

1. BeavEx is a Connecticut corporation with its principal place of business located in Atlanta, Georgia.

2. Counterclaim-Defendants each individually entered into a written contract to provide transportation services to BeavEx, consisting of pick-up, transportation, and delivery of property and items brokered and arranged by BeavEx for customers in need of such services (the "Contracts"). Counterclaim-Defendants performed such transportation in accordance with the terms of their Contracts.

## JURISDICTION AND VENUE

3. This Court has supplemental jurisdiction over this Counterclaim under 28 U.S.C. § 1367(a) because the claims asserted in the Counterclaim are so related to the claims asserted in the Complaint that they form a part of the same case and controversy under Article III of the United States Constitution.

4. Venue is proper in this Court and in the District of Massachusetts pursuant to 28 U.S.C. § 1391(a) to the extent venue is deemed proper in the Complaint.

## FACTS AND CLAIM

5. On or about May 28, 2013, Counterclaim-Defendant William Dwyer, on behalf of himself and all other similarly situated individuals, (collectively the Counterclaim-Defendants)

filed a complaint (the "Complaint") against BeavEx, alleging violations of the Massachusetts Independent Contractor Act (G.L. c. 149 § 148B), the Massachusetts Wage Act (G.L. c. 149, §§ 148-150), the Massachusetts Overtime statute (G.L. c. 151 §§ 1 and 1A), and common law claims for *quantum meruit* and conversion.

6. The Contract contains an indemnification provision that provides that the Counterclaim-Defendant agrees to defend, indemnify and hold harmless BeavEx from any claims, losses and expenses that arise from the performance of the Counterclaim-Defendant's (including any of the Counterclaim-Defendant's employees and subcontractors) services and obligations under the Contract.

7. Under the Contract, the Counterclaim-Defendant is obligated and agrees to, among other things, maintain a separate and distinct business from BeavEx and to provide services to BeavEx customers as an independent contractor, not a BeavEx employee.

8. If there is an ultimate determination in this matter that the Counterclaim-Defendant is an employee, not an independent contractor, then the Counterclaim-Defendant will have breached his obligations under the Contract, including, but not limited to, his obligation to remain a separate and distinct business from BeavEx and to remain "Owner/Operators in fact and in law."

9. The claims asserted by Counterclaim-Defendant in the Complaint and the expenses and fees BeavEx has incurred, and will incur, to defend against them fall within the terms of the indemnification provisions of the Contract.

10. If there is an ultimate determination made in this matter that the Contract is enforceable and that Counter-Defendant is an independent contractor, then BeavEx is entitled to a judgment enforcing the terms of the Contract, including an award of all costs and expenses,

including reasonable attorneys' fees, incurred by BeavEx in defending against Counterclaim-Defendant's Complaint.

## JURY DEMAND

11. Pursuant to Fed. R. Civ. P. 38(b), BeavEx requests a trial by jury of all issues so triable in its Counterclaim.

## PRAYER FOR RELIEF

WHEREFORE, BeavEx and Mark Tuchmann respectfully request their costs and expenses, including reasonable attorneys' fees, incurred in defending against Counterclaim-Defendant's Complaint if the Court ultimately finds the Contract to be enforceable and that Counterclaim-Defendant is an independent contractor, plus pre-judgment and post-judgment interest, and all other necessary and proper relief.

Dated: August 19, 2013

Respectfully submitted,

**BEAVEX INCORPORATED and MARK TUCHMANN,**

By their attorneys,

/s/ Kevin M. Duddlesten
Kevin M. Duddlesten (BBO # 680624)
McGuireWoods LLP
816 Congress Avenue, Suite 940
Austin, Texas 78701-2442
(512) 617-4516
(512) 617-4586 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of August, 2013, a true and correct copy of Defendants' Answer to Plaintiff's Class Action Complaint was filed via the ECF system, and was forwarded to Plaintiff's counsel of record by depositing same in the United States Mail, first class postage prepaid, and addressed as follows:

David B. Summer
77 Franklin St., 3rd Fl.
Boston, MA 02110

/s/ Kevin M. Duddlesten
Kevin M. Duddlesten